UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*File Electronically*

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFERSON W. NEAL, | ) | CASE NO. 19-30643 |
| | ) | CHAPTER 13 |
| Debtor. | ) | |
| | ) | |

**AMENDED OBJECTION TO CONFIRMATION
OF DEBTOR'S CHAPTER 13 PLAN**

Creditor, the United States of America, on behalf of its instrumentality the Department of Treasury, Internal Revenue Service ("IRS"), submits this Amended Objection to Confirmation of Debtor's Chapter 13 Plan. The IRS has filed a Proof of Claim in this bankruptcy in the amount of $2,686,290.63, which includes a secured claim of $215,835.57, a priority claim of $618,753.58 and an unsecured claim of $1,851,701.48. Due to Debtor's significant unsecured debt to the IRS alone, he is not eligible for Chapter 13 relief pursuant to 11 U.S.C. § 109(e). Furthermore, it does not appear that Debtor's petition or plan were filed in good faith as required by 11 U.S.C. § 1325(a)(3) and § 1325(a)(7). Even if Debtor were eligible for Chapter 13 relief (which he is not), his current plan does not properly provide for the IRS's secured and priority claims, and it does not appear that Debtor can propose a feasible plan to pay the IRS's priority claims. Finally, Debtor has not made his post-petition estimated tax payment to the IRS due on April 15, 2019 and another post-petition tax payment is due on June 17, 2019. For these reasons, the United States respectfully requests the Court deny confirmation of Debtor's Chapter 13 Plan.

In support of this Amended Objection, the United States submits the following:

1

1.      Debtor filed his order for relief under Chapter 13 of the Bankruptcy Code on March 5, 2019. The United States initially filed an Objection to Confirmation (DN 14) of Debtor's Chapter 13 Plan on April 16, 2019. The United States submits this Amended Objection to provide additional information and clarification to the Court.

2.      Debtor has significant liability to the IRS for unpaid income taxes. On April 16, 2019, the IRS filed a proof of claim in Debtor's bankruptcy (Claim No. 4) asserting a total claim of $2,686,290.63. The IRS's claim includes a secured claim of $215,835.57, priority claims of $618,753.58, and unsecured claims in the amount of $1,851,701.48.

3.      As evidenced by the attachments to the IRS's Proof of Claim, Debtor has outstanding income tax liability to the IRS for the following seventeen tax years: 1999, 2002, 2003, 2004, 2005, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, and 2018.

4.      Debtor is a high-income, self-employed business consultant.  Therefore, he is required to make estimated tax payments to the IRS.  Despite his significant income, Debtor has *routinely* failed to pay any tangible income taxes to the IRS for multiple years. For example, Debtor's Petition indicates that his gross income was $550,000 in 2018 and $810,000 in 2017. *See* page 2 of Petition (DN 12). While he received significant income in both 2017 and 2018, Debtor made *no* estimated tax payments to the IRS for these tax years. Debtor also failed to make any estimated tax payments for 2015 and 2016 as well. Instead, for 2017, Debtor owes the IRS $124,724 plus penalties and interest and, for 2018, Debtor's estimated tax liability is $214,379.42. Debtor has obtained an extension to file his 2018 federal tax return with the IRS by October 2019.

5.     The United States objects to confirmation of Debtor's Chapter 13 plan for multiple reasons.

6.     First, Debtor is not eligible for Chapter 13 bankruptcy relief. Pursuant to the current version of 11 U.S.C. § 109(e), to be eligible for Chapter 13 protection, a debtor's unsecured debts must be less than $419,275 while secured debts must be less than $1,257,850. 11 U.S.C. § 109(e)(April 1, 2019).  Here, Debtor's unsecured debt exceeds the $419,275 ceiling established by § 109(e).

7.     Normally, Chapter 13 eligibility is determined "primarily" by the debtor's schedules as long as the schedules were filed in good faith. *Comprehensive Accounting Corp. v. Pearson* (*In re Pearson*), 773 F.2d 751 (6th Cir. 1985). However, "when put on notice of a potential manipulation of a debtor's schedules, the Court may, without undertaking a complex analysis via detailed procedures, review other parts of the record to evaluate whether the amount and nature of the scheduled debts are reasonable or whether facts existed at the petition date, to such a legal certainty, as to lead to a conclusion that the schedules were manipulated to achieve eligibility." *In re Asch*, No. 15-20163, 2015 WL 4973196, *2 (Bankr. E.D. Ky. August 19, 2015).

8.     In *Asch*, for example, the Bankruptcy Court for the Eastern District of Kentucky examined claims filed in the case, including by the IRS, to determine that the debtor was ineligible for Chapter 13 relief based on the amount of her secured debt. *See also In re Wentz*, No. 14-21415; 2014 WL 5791564 (Bankr. E.D. Ky. November 6, 2014)(including debtor's "unknown" state and federal unsecured tax debt in finding debtor ineligible for Chapter 13); *In*

3

*re Alt*, 305 F.3d 413, 421 (6th Cir. 2002)(finding that debtor's failure to schedule known tax debt to manipulate Chapter 13 eligibility was evidence of bad faith).

9. Here, Debtor manipulated his bankruptcy schedules to exclude his significant unsecured debt to the IRS to fall within the eligibility requirements of § 109(e). The IRS's Proof of Claim includes an unsecured priority claim of $618,753.58 plus an unsecured general claim of $1,851,701.48, which greatly exceed the unsecured debt limit of $419,275 found in § 109(e). This calculation does not even consider Debtor's other unsecured creditors, including Attorney John Helmers in the amount of $7,000 (Claim No. 2) and the Kentucky Department of Revenue in the amount of $45,637.44 (Amended Claim No. 5).

10. As for the IRS debt, Debtor has admittedly filed an adversary proceeding against the IRS, Case No. 19-3016, challenging the dischargeability of his income taxes from 1999 through 2014. The IRS strenuously disputes Debtor's claims in the adversary proceeding, but even if the Court excludes Debtor's tax liability for years 1999-2014 from the eligibility determination, Debtor's unsecured debt owed to the IRS from 2015 through 2018 still exceeds the unsecured debt limit of $419,275 found in § 109(e). According to the IRS's Proof of Claim, Debtor has the following unsecured priority debt for tax years 2015 through 2018:

| Tax Year | Tax Due | Interest | Total Tax/Interest |
| --- | --- | --- | --- |
| 2015 | $121,605.00 | $16,393.18 | |
| 2016 | $124,508.00 | $11,255.22 | |
| 2017 | $124,724.00 | $5,888.76 | |
| 2018 | $214,379.42 | $0 | |
| **Total:** | **$585,216.42** | **$33,537.16** | **$618,753.58** |

4

11.     Debtor's unsecured tax debt to the IRS alone for 2015 through 2018 exceeds the eligibility requirements set forth in § 109(e). Clearly, Debtor—a business consultant—knew that he had to pay income taxes to the IRS on his significant income, and he further knew that he had not paid any tangible payments to the IRS on his substantial income for 2015, 2016, 2017, and 2018. Debtor should not be able to manipulate his schedules and petition to fall within the eligibility requirements of Chapter 13. For this reason, his plan should not be confirmed.

12.     Second, Debtor's plan should not be confirmed because it does not appear that Debtor's plan was proposed in good faith as required by 11 U.S.C. § 1325(a)(3) or that filing the petition was in good faith as required by § 1325(a)(7). Section 1325(a)(3) provides that a plan may be confirmed only if it was "proposed in good faith and not be any means forbidden by law" while § 1325(a)(7) prohibits confirmation unless debtor filed the petition in good faith. A debtor's failure to schedule known tax debt to manipulate the § 109(e) eligibility requirements or filing a petition solely to protest tax liability can be evidence of bad faith. *In re Alt*, 305 F.3d 413, 422 (6th Cir. 2002).

13.     Based on the information in Debtor's petition and plan, the United States seeks an opportunity to conduct additional discovery on whether Debtor filed this bankruptcy in good faith. For example, Debtor has significant annual income; yet, he has very little assets and purports to have very little secured or unsecured debt. In addition, as discussed above, Debtor has habitually failed to pay his federal income debt to the IRS. Debtor should not be permitted to repeatedly ignore his federal tax obligations and then file for bankruptcy relief in this Court to

remedy his tax problems. To avoid duplicative efforts for Debtor and his counsel, this discovery can be conducted in connection with his adversary proceeding pending against the IRS.

14. Third, even if Debtor were eligible for Chapter 13 relief, Debtor's proposed plan does not properly provide for the IRS's priority and secured claims. To obtain confirmation, a debtor's plan must provide for full payment of claims entitled to priority under 11 U.S.C. § 507. *See also* 11 U.S.C. § 1322(a)(2). Debtor is also required to provide for the IRS's secured claims with interest. 11 U.S.C. § 1325(a)(5). To obtain confirmation, Debtor's Plan would be required to pay the IRS's priority claims of $618,753.58 and the IRS's secured claims of $215,835.57 as set forth in the IRS's Proof of Claim. Even if Debtor is successful in disputing his tax liability for 1999-2014 in the adversary proceeding against the IRS, he would still be required to pay the priority tax debt for 2015 through 2018 of $618,753.58, which has not been disputed by Debtor.

15. Fourth, Debtor's Chapter 13 plan does not appear to be feasible. Currently, Debtor proposes to pay $1,000 per month for 59 months plus $400,000 when the tax liability to the IRS is determined. It does not appear that Debtor can pay the priority claims of the IRS along with the secured and priority claims of other creditors while maintaining his post-petition estimated tax obligations to the IRS. In addition, Debtor's plan offers no explanation as to how he will be able to pay the $400,000 lump sum payment when his tax liability is determined. Debtor's schedules indicate that after he pays his $23,850 monthly expenses, he only has $150.00 remaining per month for his net income. *See* Schedule J.

16. Finally, if Debtor is going to enjoy the protections of this Court, he should be required to pay his post-petition estimated tax payments to the IRS. Currently, Debtor owes the IRS estimated tax payment due on April 15, 2019 with another due on June 17, 2019.

Accordingly, the United States requests the Court deny confirmation of Debtor's Chapter 13 Plan for the reasons set forth above.

>Respectfully submitted,
>
>RUSSELL M. COLEMAN
>United States Attorney
>
>*s/ Katherine A. Bell*_____
>Katherine A. Bell
>Assistant United States Attorney
>717 West Broadway
>Louisville, KY 40202
>Phone: (502) 582-5094
>Fax: (502) 625-7110
>Email: Katherine.bell@usdoj.gov
>COUNSEL FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was filed with the Court using the Court's CM/ECF system on June 11, 2019 and a copy of such pleading will be served through the Court's electronic filing system on Debtor's counsel and all other parties requesting notice.

>*s/ Katherine A. Bell*_____
>Katherine A. Bell
>Assistant U. S. Attorney