UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*File Electronically*

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFERSON W. NEAL, | ) | CASE NO. 19-30643 |
| | ) | CHAPTER 13 |
| Debtor. | ) | |
| | ) | |

## MOTION TO DISMISS BANKRUPTCY WITH PREJUDICE

Creditor, the United States of America, on behalf of the Department of Treasury, Internal Revenue Service ("IRS"), pursuant to 11 U.S.C. §§ 105(a) and 349(a), respectfully moves the Court to dismiss this bankruptcy with prejudice. While the United States initially opposed Debtor's Motion to Dismiss (DN 34), after further consideration the United States will acquiesce in Debtor's dismissal of this bankruptcy. However, due to Debtor's bad faith and abuse of the bankruptcy process in filing this case, the United States respectfully requests the Court dismiss this bankruptcy with prejudice with the following two conditions. First, the United States requests the Court order Debtor to pay $100,000 of escrowed funds towards Debtor's 2018 tax liability, plus any other estimated tax payments escrowed for his 2019 or 2020 tax liability. Debtor previously represented to this Court that these funds were being escrowed with his CPA in good faith to pay the taxes becoming due during this bankruptcy; yet, now Debtor refuses to turnover these funds to the IRS despite repeated requests. Second, the United States requests the Court bar Debtor from filing any other bankruptcy in any jurisdiction for the next year.

In support of this Motion, the United States submits the following:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.Due to the multiple filings and hearings in this matter, the Court is very familiar with the underlying facts and issues in this bankruptcy. Essentially, the United States maintains that Debtor filed this case in bad faith solely to negotiate his $2.6 million federal tax debt. Specifically, the United States maintains that (1) Debtor failed to disclose other litigation, significant assets, and transfers of property in his Chapter 13 Petition and Schedules, (2) Debtor knew that he was ineligible for Chapter 13 protection due to his significant federal tax debt to the IRS, and (3) Debtor filed this bankruptcy solely to negotiate with the IRS, which is an abuse of the bankruptcy process. *See e.g.* United States' Objection to Motion to Dismiss (DN 38).

3.As a result, in July 2019 the United States moved to convert this Chapter 13 to a Chapter 11 or Chapter 7. *See* Motion to Convert Case to Chapter 11 or, alternatively, to a Chapter 7 (DN 23). In response to the United States' Motion to Convert, Debtor filed a Motion to Dismiss (DN 34) on October 21, 2019.

4.The United States initially opposed Debtor's Motion to Dismiss and even filed a Supplemental Brief (DN 52) on January 29, 2020 in support of its position in this case. While the United States maintains that the Court can convert this case over Debtor's later-filed Motion to Dismiss, after consultation with the IRS and review of the Court's comments at the last hearing, the United States has decided to withdraw its opposition to Debtor's Motion to Dismiss. While the United States no longer objects to Debtor's Motion to Dismiss, the United States requests the Court dismiss this case with prejudice to prevent Debtor from further abusing the bankruptcy process and using this Court to circumvent his federal tax obligations.

5.Bankruptcy courts have the authority under § 105(a) and § 349(a) to issue appropriate sanctions "to prevent abuse of the bankruptcy system." *Cusano v. Klein* (*In re Cusano*), 431 B.R. 726, 737 (6th Cir. B.A.P. 2010).

6. Section 105(a) of the Bankruptcy Code provides that this "court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Furthermore, the court may enter orders "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief." *In re Glenn*, 288 B.R. 516, 520 (Bankr. E.D. Tenn. 2002) (*quoting Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999)).

7. Similarly, § 349(a) provides that "[u]nless the court, *for cause*, orders otherwise" dismissal of a case does not bar a future discharge or bankruptcy filing, except as set forth in § 109(g). 11 U.S.C. § 349(a)(emphasis added). Based on this language in § 349(a), bankruptcy courts have determined that in instances of cause, the court has inherent power to dismiss a bankruptcy case with prejudice. *In re Dilley*, 125 B.R. 189, 196 (Bankr. N.D. Ohio 1991); *In re Mickler*, 324 B.R. 613, 619 (Bankr. W.D. Ky. 2005). Sufficient cause does not require bad faith, abuse, or malicious intent. *In re Haddad*, 572 B.R. 661, 676 (Bankr. E.D. Mich. 2017). Instead, the *Haddad* court found sufficient "cause" when a debtor received the benefits of the Chapter 13 "but utterly failed to keep her end of the bargain" during the bankruptcy by hiding post-petition assets. *Id.*

8. Relying on § 105(a) and § 349(a), multiple courts in the Sixth Circuit have addressed a debtor's bad faith or abuse by barring a future bankruptcy or ordering that any future automatic stay will not apply to specific litigation or property. *See Mickler*, 324 B.R. at 619 (barring future filing for 24 months and holding that marriage debt was not dischargeable in any future proceeding); *In re Price*, 304 B.R. 769 (Bankr. N.D. Ohio 2004) (barring future filing for

3

360 days and holding that future automatic stay would not extend to house for 360 days); *In re Kwiatkowski*, 486 B.R. 409 (Bankr. E.D. Mich. 2013) (ineligible Chapter 13 debtor could convert case filed in bad faith or be barred from future filing for one year); *In re Dilley*, 125 B.R. 189 (Bankr. N.D. Ohio 1991) (12 month prohibition on future filing unless Debtor could demonstrate feasible reorganization); *In re Haddad*, 572 B.R. 661 (Bankr. E.D. Mich. 2017)(ordering Chapter 13 debtor to pay $40,000 in post-petition, undisclosed settlement proceeds to trustee prior to dismissal of case); *In re Glenn*, 288 B.R. 516 (Bankr. E.D. Tenn. 2002) (debtor barred from refiling bankruptcy for 180 days); *In re Mehlhose*, 469 B.R. 694 (Bankr. E.D. Mich. 2012) (ordering debtors to pay attorneys fees and expenses and barring future bankruptcy filing for two years); *In re Dawood*, 602 B.R. 640 (Bankr. E.D. Mich. 2019) (court entered *in rem* order preventing automatic stay from arising as to property in any bankruptcy case for two years).

9. In *Cusano*, for example, the Sixth Circuit Bankruptcy Appellate Panel affirmed sanctions for a debtor's abusive, serial filings, including a 2-year bar on future filings, limiting any future automatic stay, and ordering that funds be turned over to the District Court Clerk in separate litigation. *Cusano*, 431 B.R. at 736-739.

10. Notably, many of these courts imposed sanctions on facts similar to those in this bankruptcy, namely when the debtor moved to dismiss pursuant § 1307(b) to the detriment of a creditor or in further abuse of the bankruptcy process. *See Dilley*, 125 B.R. at 196; *Haddad*, 572 B.R. at 677. As recognized in *Dilley*, if courts did not limit a debtor's dismissal pursuant to § 1307(b) in cases of cause, there would be "the possibility for manipulation and abuse . . . with no countervailing benefit to case administration or to sincere debtors." *Dilley*, 125 B.R. at 196.

11.     Here, pursuant to § 105(a) and § 349(a), the United States requests the Court dismiss this bankruptcy with prejudice with the following two conditions.

12.     First, the United States requests that Debtor be ordered to pay the United States $100,000, plus all other estimated tax payments held in escrow with Debtor's CPA for application to his federal tax liability. When Debtor initially opposed the United States' objections to his Chapter 13 Plan, Debtor claimed that he "in good faith, has escrowed $100,000 in estimated tax payments for the 2018 liability, and is escrowing $25,000.00 per quarter for 2019 with his CPA." *See* Debtor's Response to IRS Objection to Debtor's Chapter 13 Plan (DN 21), ¶ 6. Debtor even claimed that he had previously asked for payment instructions from the United States' attorneys, attaching an email from his counsel to Assistant U.S. Attorney Bell. *Id.* This email was sent to the incorrect email address for AUSA Bell.[1] Three months later in his Motion to Dismiss, Debtor again claimed that he "has escrowed the tax payments for the 2018 [federal tax liability], and is escrowing $25,000 per quarter for 2019 with his CPA." *See* Debtor's Motion to Dismiss (DN 34), ¶ 6.[2] Debtor further argued that he was "awaiting an agreed order to pay said 2018 [federal tax] lability in full" to the IRS. *Id.* Debtor's 2018 tax liability and 2019 estimated tax payments were due during the pendency of this bankruptcy. The United States has repeatedly reached out to Debtor's counsel by phone and email with an agreed order to obtain the funds represented to be held in escrow for Debtor's 2018 and 2019 tax liability. Despite multiple requests, Debtor has not paid these funds to the United States. Debtor's refusal to pay the escrowed funds to the IRS belies his claim that he filed this case in good faith to negotiate arrangements for his tax liability with the IRS. *See* Debtor's Motion to Dismiss, ¶ 7 ("Debtor has

---

[1] The email was sent to "katherin.bell@usdoj.com." This email address is incorrect. The correct address is Katherine.bell@usdoj.gov.
[2] Debtor's Motion to Dismiss (DN 34) contains two paragraphs numbered 6. The United States is quoting the second paragraph #6.

made numerous attempts to negotiate, communicate and/or determine the true liability owed, and to make payment arrangements, to no avail.") Instead, Debtor continues to pyramid his income taxes to the IRS for leverage in negotiating a settlement of his total tax liabilities.

13.    As an initial matter, this Court has jurisdiction over any escrowed funds because they are still property of Debtor's bankruptcy estate. *See* 11 U.S.C. § 1306(a)(2). "Property of the estate includes . . . earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted to a case under" another chapter of the Bankruptcy Code. 11 U.S.C. § 1306(a)(2). Furthermore, in these circumstances, any escrowed funds are subject to the IRS's Notice of Federal Tax Lien recorded against Debtor on November 12, 2014 with the Jefferson County Clerk's Office in Book 1535, Page 76. *See* IRS Proof of Claim, Claim 4-1, pg. 6. The IRS's Notice of Federal Tax Lien against Debtor attaches to any real or personal property attributable to Debtor. *See In re Dave Thomas Co., Inc.*, 51 B.R. 66, 70 (Bankr. W.D. Ky. 1985)("tax liens attached to all property of debtor" including "after-acquired property or rights to property of debtor"); 26 U.S.C. § 6321.

14.    Since the Court has jurisdiction over the escrowed funds as property of the estate, the Court may rely on § 349(a) to conditional dismissal of this bankruptcy upon payment of the escrowed funds to the IRS. This case is very similar to the issues in *Haddad*, in which the Bankruptcy Court for the Eastern District of Michigan ordered that there was cause to require the debtor to pay $40,000 in settlement proceeds to the Trustee prior to voluntarily dismissing her case pursuant to § 1307(b). 572 B.R. at 678. In fact, as recognized in *Haddad*, the Court does not have to find "fraud or bad faith" to show cause under § 349. Instead, as in *Haddad*, Debtor should not be able to receive "the benefits of this Chapter 13 case," including the automatic stay preventing collection or levy, or avoid his representations to this Court by refusing to keep his

6

"end of the bargain" in paying the escrowed tax payments to the United States.  Like *Haddad*, this "smacks of gamesmanship" and Debtor's conduct should not be rewarded to the detriment of the IRS. Instead, Debtor should be required to pay the escrowed tax payments to the United States.

15.     Second, the United States requests that Debtor be barred from filing another bankruptcy in any jurisdiction within the next year. While Debtor controls two properties in Louisville and initially filed this case in this jurisdiction in March 2019, Debtor indicates that he "has now moved from this jurisdiction . . ." so it is not feasible for him to have a case in this jurisdiction. *See* Debtor's Motion to Dismiss (DN 34), ¶ 5. The United States believes that Debtor resides in Nashville in the condo he obtained in July 2018, prior to filing and not disclosed in this bankruptcy. *See* United States' Opposition to Debtor's Motion to Dismiss (DN 38), pg. 5. Nevertheless, given the fuzziness on Debtor's place of residence, there is concern that Debtor will shop around and file another bankruptcy in a potentially more-favorable jurisdiction to obtain a better result with his federal tax debt. The United States will also need further time to institute collection efforts against Debtor in this and other jurisdictions after dismissal of this case. To prevent further prejudice to the IRS in its collection efforts, the United States respectfully requests that Debtor be barred from any future bankruptcy filing for the next year.

Accordingly, pursuant to § 105(a) and § 349(a), the United States requests the Court dismiss this case with prejudice based on cause, including (1) ordering Debtor to pay $100,000 and all other estimated tax payments held in escrow to the United States within ten days of entry of the Court's Order and (2) barring Debtor from filing another bankruptcy case, under any chapter of Title 11, in any jurisdiction for one year from entry of the Order.

        Respectfully submitted,

        RUSSELL M. COLEMAN
        United States Attorney

        *s/ Katherine A. Bell*_____
        Katherine A. Bell
        Assistant United States Attorney
        717 West Broadway
        Louisville, KY 40202
        Phone: (502) 582-5094
        Fax: (502) 625-7110
        Email: Katherine.bell@usdoj.gov
        COUNSEL FOR THE UNITED STATES

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was filed with the Court using the Court's CM/ECF system on February 21, 2020 and a copy of such pleading will be served through the Court's electronic filing system on Debtor's counsel and all other parties requesting notice.

        *s/ Katherine A. Bell*_____
        Katherine A. Bell
        Assistant U. S. Attorney